## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Jacinto

v.

Cople et al.

November 27, 1995

Case No. CJ950027

BY JUDGE ALFRED D. SWERSKY

Respondents' Motion to Dismiss the Petition for Visitation must be granted. The Court finds that Mrs. Jacinto is not a blood relative as contemplated by Code of Virginia, § 16.1-241(a).

Mrs. Jacinto is the birth mother of the child in question. The child was adopted by Respondents by order of this Court entered on July 28, 1989. Petitioner's parental rights were terminated by operation of Code of Virginia § 63.1-233. See also, *Cage v. Harrisonburg Dept. of Social Services*, 13 Va. App. 246 (1991). Hence, the law does not recognize Petitioner's claim of a blood relationship as the birth mother.

However, Petitioner argues that she is a blood relative of the child by virtue of the fact that the adopting parents are her brother and sister-in-law. Therefore, she argues that she is the aunt of the child and a blood relative. Arguing further, Jacinto asserts that as the aunt of the child she has a "legitimate interest" in visitation because the child knows she is the birth mother and will be harmed by a denial of this relationship.

The Court finds that Mrs. Jacinto is not a blood relative of the child even though she is the sister of the child's adoptive father. While "blood relative" is not defined in the Code, the plain and usual meaning of the phrase is clear. A "blood relative" is someone related to another by birth.

Mrs. Jacinto's claim to be the "aunt" of the child arises not by birth but by operation of law, i.e., the adoption of this child by her brother. The legislature could not have intended the absurd result of terminating parental rights of all birth parents except those whose children are adopted by their relatives. Such an exception to the statutory deprivation of parental

rights in children given up for adoption must come from the legislature and not from tortured reasoning by this Court to divine such an intent in the adoption and visitation statutes.

Even if Petitioner came within the definition of "blood relative," her asserted "legitimate interest" in visitation is insufficient as a matter of law. Her interest in the child as birth mother has been terminated by operation of law, and the legislature has determined that she no longer has the "legitimate interest" she claims. It would be the most circuitous of reasoning to say that this interest is revived because the child's adoptive father is her brother. In view of this ruling, it is not necessary for the Court to consider the claim by Respondents that the expanded visitation statutes violate their Constitutional rights to due process of law.